UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES WHITE, #270943,           ) | |
|                Plaintiff,    ) | |
|                            ) | No. 1:19-cv-877 |
| -v-           ) | |
|                            ) | Honorable Paul L. Maloney |
| CITY OF GRAND RAPIDS, *et al.*,           ) | |
|              Defendant.    ) | |
|                            ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff James White filed this civil rights lawsuit against the City of Grand Rapids and several of its police officers. Defendants filed a motion for summary judgment. (ECF No. 61.) Defendants later filed a motion for oral argument. (ECF No. 69.) The Magistrate Judge issued a report recommending the Court grant the motion. (ECF No. 71.) Plaintiff filed objections. (ECF No. 72.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

A. Unlawful Arrest

The Magistrate Judge concludes that, when Plaintiff refused to comply with the officers' lawful commands, which were issued as part of the investigatory efforts related to a 9-1-1 call, the officers had probable cause to arrest Plaintiff. Plaintiff objects. The Court overrules Plaintiff's objection. At the very least, when the officers approached Plaintiff they were performing a wellness check. Based on his answers to the questions posed by the officers, as well as what the officers learned from the dispatcher, and their observations upon arrival at the complex, the officers had a basis for seizing Plaintiff to perform a *Terry* stop. Plaintiff's evidence does not create any dispute about what the officers knew. The conversation between the officers and Plaintiff is captured on body cameras. The recording shows that Plaintiff attempted to leave before the officers were finished questioning him. The recording also establishes that the officer told Plaintiff to "hang on," meaning that he was not yet free to leave. And, Plaintiff did not comply with the command. At that point the officers had probable cause to arrest Plaintiff.

B. Excessive Force

The Magistrate Judge concludes that Plaintiff actively resisted arrest and attempted to flee. After the officers took Plaintiff to the ground, Plaintiff ignored the officers' verbal commands. The Magistrate Judge concludes that the force used under the circumstances was reasonable and was not excessive. Plaintiff objects. The Court overrules Plaintiff's objection. Plaintiff's objection here relies on the same argument that Plaintiff made for the previous claim—Defendants did not have probable cause to arrest and Plaintiff did not violate any lawful order. The Court already resolved this dispute against Plaintiff.

C.  Malicious Prosecution

The Magistrate Judge concludes the defendant officers were not involved in the decision to prosecute, did not falsely testify against Plaintiff, and Plaintiff has not established a lack of probable cause.  Plaintiff objects.  The Court overrules Plaintiff's objection.  The officers testified that Plaintiff acted nervous, Plaintiff states that he was not nervous.  When faced with video evidence that undermines a non-party's self-serving statement, the non-moving party has not created a genuine issue of material fact.  *Davis v. Gallagher*, 951 F.3d 743, 750 (6th Cir. 2020) (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

D.  Denial of Medical Treatment

Plaintiff does not offer any specific objection to the Magistrate Judge's recommendations for this claim.

E.  Supervisory Liability

The Magistrate Judge concludes Plaintiff has not provided any evidence to support liability against Defendant Mead based on any legal theory for supervisory liability.  Plaintiff objects.  The Court overrules Plaintiff's objection.  Plaintiff simply asserts the phrase "knowingly acquiesced."  Plaintiff has not, however, provided any evidence of past or prior incidents of unconstitutional conduct by the officers involved in the incident, nor has Plaintiff explained why the situation involved a likely risk of unconstitutional conduct such that the supervisor's failure to act or train could create liability.

F.  Objection 5

Plaintiff asserts the Magistrate Judge failed to credit the evidence put forth by Plaintiff and also relied too heavily on the 9-1-1 call. Plaintiff insists that the facts are analogous to those in *Brown v. Lewis*, 799 F.3d 401 (6th Cir. 2015.) The Court overrules the objection. Plaintiff's evidence does not create genuine disputes of material fact about what the two officers knew at the time they approached Plaintiff and began to question him. And, the officers knew only that in the 9-1-1 call, the dispatcher heard a female ordering someone to leave the apartment as part of an argument. Neither the dispatcher nor the officers knew how many people were in the apartment and it was entirely possible that Plaintiff was involved in the argument and was the person who was ordered to leave. Therefore, the facts in the *Brown* decision are distinguishable.

For these reasons, the Court **ADOPTS**, as its Opinion, the Report and Recommendation. (ECF No. 71.) The Court **GRANTS** Defendants' motion for summary judgment. (ECF. No. 61.) The Court finds that any appeal would be frivolous and would not be taken in good faith.

The Court notes that the Magistrate Judge **DENIED** (PageID.1002) Defendants' motion for oral argument (ECF No. 69) and that no objection to that order has been filed. **IT IS SO ORDERED.**

Date:   August 6, 2021                             /s/  Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge